UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| PIERRE A. VINCENT, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Defendant. ) | 2:14-cv-00238-JAW |

**RECOMMENDED DECISION**

In this action, Plaintiff Pierre A. Vincent complains of actions taken by Peter James, Lead Manager at the United States Postal Service's mail sorting facility in Scarborough, Maine, which is where Plaintiff is employed.[1]

The matter is currently before the Court on Defendant's Motion to Dismiss for Lack of Jurisdiction ("Motion to Dismiss," ECF No. 12).[2] As explained below, following a review of the pleadings, and after consideration of the parties' submissions, the recommendation is that the Court grant the Motion to Dismiss.

**BACKGROUND**

In his Complaint, filed June 11, 2014, Plaintiff alleges that Mr. James engaged in acts of "gross ethical behavior," bribery, and infliction of emotional distress, against Plaintiff's union representative. (PageID # 2.) Additionally, Plaintiff asserts that Mr. James put Plaintiff "on emergency status out the door," and, in order to assure that Plaintiff would be found guilty of

---

[1] On January 28, 2015, the Court granted the United States of America's motion to substitute itself as party defendant.

[2] The Court referred the motion for report and recommended decision.

swearing at a coworker, subsequently caused manager Sue Harmon to change the facts and the findings of an investigation that she conducted. (*Id.*) Plaintiff further alleges: "Assault of character, fraud investigation, slander of swearing, age discrimination, neglect of preferred veteran's preference (20% disability) and continued harassment and assault for that period of time." (*Id.*)

Plaintiff does not clearly assert when the acts occurred. Some context, however, can be derived from the several documents that Plaintiff filed in support of his Complaint. For instance, Plaintiff included a July 22, 2013, notice to Plaintiff of a seven-day suspension of his employment, which notice references conduct in which Plaintiff allegedly engaged on June 28, 2013. (PageID # 6.) [3]

In supplemental filings received by the Court on November 3, 2014, Plaintiff states that Mr. James made certain comments regarding another postal employee with veteran status; that Plaintiff was singled out erroneously by a supervisor for idling mail-sorting equipment; that Mr. James said that Plaintiff always comes to him for aid when it is too late; that Mr. James circulated a flier as to "how to survive an active shooter," which flier "was desimanated [sic] for he (Peter R. James) I am dangerous"; and that Mr. James stated that taking a postal employee to arbitration is like bringing a lamb to slaughter. (ECF No. 7.) Included with the materials is a request for appointment of an administrative law judge pursuant to 29 C.F.R. § 1614.108(g), directed to the EEOC by Plaintiff on October 27, 2014. (PageID # 31.)

On November 25, 2014, Plaintiff also filed a July 1, 2013, notice to Plaintiff informing him that the USPS placed him in off-duty status, without pay, on an emergency basis; a July 10, 2013,

---

[3] Additional documents attached to the Complaint reflect that Plaintiff has a disability rating from the Department of Veterans Affairs and that he has filed another action in this court against another defendant in case number 2:14-cv-00087. See also case number 2:14-cv-00088 and case number 2:14-cv-00095.

2

notice to Plaintiff of the date of a pre-discipline interview; a statement by Plaintiff that Mr. James denied Plaintiff access to his union representative; an opinion issued by the Expedited Arbitration Panel regarding Plaintiff's grievance of a disciplinary matter; and statements of coworkers who represented that Plaintiff did not swear or scream loudly, which alleged conduct informed the underlying disciplinary charge. (ECF No. 10.)

Defendant filed its Motion to Dismiss on December 22, 2014. (Motion to Dismiss, ECF No. 12.) In support of the motion, Defendant filed the Declaration of Kimberly Herbst. Ms. Herbst declares under penalty of perjury that she is the Supervisor, Tort Claims Examiner/Adjudicator with the USPS, with full access to records maintained on nationwide administrative claims which are within the provisions of the Federal Tort Claims Act. (ECF No. 12-1.) After review of the records, Ms. Herbst asserts that Plaintiff never has filed an administrative tort claim. (*Id.*)

On January 5, 2015, Plaintiff filed additional materials, including hand-written comments on the Declaration of Kimberly Herbst.[4] In his comments, Plaintiff asserts that he has a pending EEO hearing before "a federal judge." Additionally, in hand-written comments on a letter from the U.S. Office of Special Counsel, Plaintiff writes that Mr. James is not a federal employee as defined by 5 U.S.C. § 2105. Plaintiff also submitted additional papers associated with his grievance of the underlying disciplinary matter. (ECF No. 14.)

## DISCUSSION

Through its Motion to Dismiss, Defendant requests that the Court dismiss Plaintiff's action because Plaintiff asserts traditional tort claims, which are not actionable (1) because Plaintiff has failed to exhaust the administrative presentment requirement of the Federal Tort Claims Act (FTCA), and (2) because the claims are not within any of the specific exceptions to the FTCA's

---

[4] The Herbst Declaration is in support of Defendant's Motion to Dismiss.

3

waiver of sovereign immunity for tort claims. (Motion to Dismiss, ECF No. 12.) Defendant thus challenges the existence of subject matter jurisdiction over Plaintiff's claims.

**A.      Standard of Review**

Pursuant to Rule 12(b)(1), a defendant may file a motion to dismiss asserting that the court lacks jurisdiction over the subject matter of the litigation. Fed. R. Civ. P. 12(b)(1). On such a motion, the court must "credit the plaintiff's well-pled factual allegations and draw all reasonable inferences in the plaintiff's favor." *Merlonghi v. United States,* 620 F.3d 50, 54 (1st Cir. 2010). The court may also consider depositions and exhibits introduced by the parties to establish jurisdictional facts. *Id.* The burden of proving the existence of subject matter jurisdiction falls to the party invoking the court's jurisdiction. *Skwira v. United States*, 344 F.3d 64, 71 (1st Cir. 2003).

**B.      The FTCA and Federal District Court Jurisdiction**

"The United States as a sovereign can be haled into court only if it consents to be sued." *Merlonghi*, 620 F.3d at 54. "Although the Postal Reorganization Act generally waives the immunity of the Postal Service from suit by giving it the power 'to sue and be sued in its official name,' … the statute also provides that the FTCA 'shall apply to tort claims arising out of activities of the Postal Service[.]'" *Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 484 (2006) (quoting 39 U.S.C. §§ 401(1), 409(c), internal quotation marks and citation omitted). With respect to tort claims against federal employees, the FTCA offers a limited waiver of the United States' sovereign immunity. *Merlonghi*, 620 F.3d at 54.

Under the FTCA, "district courts have jurisdiction over tort claims against the United States 'for personal injury ... caused by the negligent or wrongful act or omission of any employee ... while acting within the scope of his office or employment, under circumstances where the United States ... would be liable to the claimant in accordance with the law of the place where the

act or omission occurred.'" *Id.* (quoting 28 U.S.C. § 1346(b)(1)).[5] In order to overcome this "jurisdictional hurdle," a plaintiff must identify a basis in local state law "for holding a private party liable in tort for acts or omissions comparable to those they attribute to" the defendant and its agents. *McCloskey v. Mueller*, 446 F.3d 262, 267 (1st Cir. 2006). The limited waiver regarding tort claims is subject to several exceptions, including an exception covering claims of "assault, battery, … libel, slander, misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2680(h).

Additionally, district courts do not have subject matter jurisdiction over claims within the waiver of the FTCA unless and until the plaintiff has "presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a).[6] Section 2675(a)'s presentment requirement is satisfied if the claimant "provides a claim form or 'other written notification' which includes (1) sufficient information for the agency to investigate the claims, and (2) the amount of damages

---

[5] "Under the Westfall Act, a private action is barred against an employee of the federal government for a 'negligent or wrongful act or omission of [the employee] ... while acting within the scope of his office or employment....'" *Lyons v. Brown*, 158 F.3d 605, 609 (1st Cir. 1998) (quoting 28 U.S.C. 2679(b)(1)). When a tort action is filed against a federal employee, the United States Attorney has authority "to make the statutory certification that the Federal employee was acting within the scope of his office or employment with the Federal Government at the time of the incident out of which the suit arose." 28 C.F.R. § 15.4(a). When the court accepts the certification, the employee is dismissed and the action proceeds against the United States. *Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 419-20 (1995). This Court previously determined that Plaintiff's Complaint concerns actions taken by Mr. James within the scope of his federal employment. (Order Granting Motion to Substitute, ECF No. 15.) On that issue, it was Plaintiff's burden "to prove any facts needed to contradict the government's characterization of the conduct in dispute." *Lyons v. Brown*, 158 F.3d 605, 610 (1st Cir. 1998). Plaintiff's unsworn, handwritten assertion that Mr. James is not a federal employee has no evidentiary value and does not override the U.S. Attorney's scope certification (ECF No. 9-1).

[6] *See also* 29 U.S.C. § 4901(b) ("A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented."). A claimant may elect to proceed with a civil action sooner if the agency fails to make a final disposition within six months. *Id.* § 2675(a).

sought." *Santiago-Ramirez v. Sec'y of Dep't of Def.*, 984 F.2d 16, 19 (1st Cir. 1993).[7] The First Circuit "approaches the notice requirement leniently, 'recognizing that individuals wishing to sue the government must comply with the details of the law, but also keeping in mind that the law was not intended to put up a barrier of technicalities to defeat their claims.'" *Id.* (quoting *Lopez v. United States*, 758 F.2d 806, 809 (1st Cir. 1985)).

**C.    Analysis**

In this action, Plaintiff named Peter James, a workplace supervisor, as the exclusive defendant. A review of Plaintiff's Complaint suggests that the Plaintiff's common law tort claims are the only possible causes of action.[8] The issue, therefore, is whether Plaintiff has satisfied the requirements of the FTCA.

Through the Herbst Declaration, the record contains reliable evidence to support Defendant's contention that prior to the commencement of this action, Plaintiff did not present his tort claims in writing to the United States Postal Service. Plaintiff has not filed any evidence from which one could conclude that his EEOC filing included a sufficient presentation of his tort theories or otherwise alleged personal injury damages. At most, Plaintiff has suggested that he

---

[7] Ordinarily, claims are presented to an agency on the Department of Justice's Standard Form 95, 28 C.F.R. § 14.2. Such claims are required to include "a claim for money damages in a sum certain for [inter alia], personal injury". *Id.*

[8] Plaintiff's claims consist of "Assault of character, fraud investigation, slander of swearing, age discrimination, neglect of preferred veteran's preference (20% disability) and continued harassment and assault for that period of time." Peter James was not an appropriate defendant on a claim of age discrimination in employment because Peter James is not Plaintiff's employer. *See Quiron v. L.N. Violette Co. Inc.*, 897 F. Supp. 18, 20 (D. Me. 1995) (concluding that individual supervisor was not subject to liability as an employer under the Age Discrimination in Employment Act or the Americans with Disabilities Act); *accord Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507, 510 (4th Cir. 1994); *see also Roman-Oliveras v. P.R. Elec. Power Auth.*, 655 F.3d 43, 51-52 (1st Cir. 2011) (same, ADA Title I); *Fantini v. Salem State Coll.*, 557 F.3d 22, 30 (1st Cir. 2009) (same, Title VII). Additionally, the Court has concluded that Plaintiff's allegations do not suggest any constitutional claim based on *Bivens v. Six Unknown Agents of the FBI*, 403 U.S. 388 (1971). For these reasons, there is no other claim in this case over which the Court should exercise subject matter jurisdiction.

has pursued a discrimination claim with the EEOC.[9] Plaintiff thus has failed to allege facts, or otherwise provide the Court with information to establish that he complied with the requirements of the FTCA.

Even if the record demonstrated that Plaintiff had satisfied the requirements of the FTCA, Plaintiff would nevertheless be precluded from proceeding. As discussed above, the FTCA does not waive Defendant's sovereign immunity with respect to Plaintiff's assault, misrepresentation and defamation claims. [10]

## CONCLUSION

Based on the foregoing analysis, the recommendation is that the Court grant Defendant's Motion to Dismiss (ECF No. 12), and dismiss Plaintiff's Complaint for lack of subject matter jurisdiction.[11]

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served

---

[9] I am not aware of any authority that provides that an EEO charge filed with the EEOC automatically serves as a notice of tort claim for purposes of 28 U.S.C. § 2675. In at least one case, the First Circuit considered the possibility that a claim filed with the EEOC might serve that purpose if the EEOC filing set forth the tort claim in a way that satisfied the presentment requirements. *Conjugal P'ship Acevedo-Principe v. United States*, 768 F.3d 51, 55 (1st Cir. 2014) (concluding that the FTCA claim was not included in the EEOC filing); *see also* 28 C.F.R. § 14.2(b) (indicating that a tort claim filed with the wrong federal agency will be transferred to the appropriate agency).

[10] Plaintiff's allegations would not support the imposition of "assault and battery" civil liability on a private party. *See*, *e.g.*, Restatement (Second) of Torts §§ 13, 18 (1965) (defining the tort of battery to involve "harmful or offensive contact," intentionally caused). Plaintiff does not assert that Mr. James made any offensive physical contact with Plaintiff's person, either directly or indirectly. Plaintiff also alleges "harassment" and "neglect of preferred veteran's preference." (PageID # 2.) Maine law does not recognize a generalized tort claim of harassment or impose any duty on private citizens to view a person differently based on the person's veteran status.

[11] Dismissal of Plaintiff's tort claims for lack of subject matter jurisdiction would not have preclusive effect on a later discrimination claim against the USPS. *Coors Brewing Co. v. Mendez–Torres*, 562 F.3d 3, 8 (1st Cir. 2009) ("A dismissal for lack of subject matter jurisdiction does not trigger claim preclusion."), *abrogated on other grounds*, *Levin v. Commerce Energy, Inc.*, 560 U.S. 413 (2010); *see also Muniz Cortes v. Intermedics, Inc.*, 229 F.3d 12, 14 (1st Cir. 2000) (dismissal for lack of subject matter jurisdiction only "precludes relitigation of the issues determined in ruling on the jurisdictional question").

with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

    Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

                                        /s/ John C. Nivison
                                        U.S. Magistrate Judge

Dated this 25th day of March, 2015.